IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| **TARITA LATRELLE HOLLEY GAINES**, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | | Case No.: GJH-21-2485 |
| | * | |
| **TARGET CORPORATION**, | | |
| | * | |
| Defendant. | | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION**

Plaintiffs Tarita Latrelle Holley Gaines and James Gaines bring this action for Negligence and Loss of Consortium against Defendant Target Corporation as a result of a slip and fall at a Target store by Ms. Gaines. ECF No. 1-1. Plaintiff filed this action in the Circuit Court for Prince George's County, Maryland, and Defendant removed the action to this Court. ECF No. 1. Pending before the Court is Plaintiffs' Motion to Remand. ECF No. 9. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the following reasons, Plaintiffs' Motion is denied.

**I.     BACKGROUND**

According to the Complaint, on September 19, 2018, Ms. Gaines was shopping at a Target store located at 10500 Campus Way South in Largo, Maryland. ECF No. 1-1 at 10. After selecting an item to purchase, she was walking down an aisle when her foot became entangled in a "tie back wrapper and/or other debris haphazardly left on the floor causing her to fall violently to the floor." *Id*. Ms. Gaines alleges she sustained injuries and damages as a result of the fall. *Id*.

Ms. Gaines asserts one court of Negligence against Target, *id*. at 10, while Plaintiffs jointly assert a claim of Loss of Consortium, *id*. at 13.

Plaintiffs filed their Complaint in the Circuit Court for Prince George's County, Maryland, on August 17, 2021. ECF No. 1-1 at 9. Target was served with a Writ of Summons and the Complaint on September 13, 2021. ECF No. 1 at 1. On September 29, 2021, Target filed a Notice of Removal asserting that this Court had subject-matter jurisdiction over the action based on diversity. ECF No. 1 at 2. Plaintiffs filed a Motion to Remand on October 29, 2021. ECF No. 9. Defendant filed an Opposition to the Motion on November 3, 2021. ECF No. 10. No reply memorandum was filed and the deadline for filing has passed, making the Motion ripe for resolution.

## II.   DISCUSSION

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant[.]" 28 U.S.C. § 1441(a). Thus, "[a] defendant in a state civil action may remove the case to federal district court provided that the district court would have had original jurisdiction had the action been filed there in the first instance." *Kelly v. JP Morgan Chase Bank, Nat'l Ass'n*, No. 15-cv-1115-TDC, 2015 WL 9183428, at *1 (D. Md. Dec. 17, 2015) (citing 28 U.S.C. § 1441(a)). The burden of demonstrating the propriety of removal falls on the removing party. *Dixon v. Coburg Dairy, Inc.,* 369 F.3d 811, 816 (4th Cir. 2004). On a motion to remand, as here, the Court must "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court" — consistent with federal courts' reluctance "to interfere with matters properly before a state court." *Rizwan v. Lender Servs. Inc.*, 176 F. Supp. 3d 513, 515 (D. Md. 2016)

(citing *Barbour v. Int'l. Union,* 640 F.3d 599, 615 (4th Cir. 2011), *abrogated by statute on other grounds by* 28 U.S.C. § 1446(b)(2)(B)).

"Federal courts have original jurisdiction over two kinds of civil actions—those which are founded on a claim or right arising under the Constitution, treaties or laws of the United States, and those where the matter in controversy exceeds $75,000 and is between citizens of different States." *Dean v. Navy Fed. Credit Union*, No. 09-cv-1989-RDB, 2009 WL 3817587, at *5 (D. Md. Nov. 12, 2009) (citing U.S. Const. art. III, § 2; 28 U.S.C. §§ 1331, 1332(a)). The latter, known as diversity jurisdiction, is what Target claims here. For purposes of this analysis, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1).

Plaintiffs' Complaint seeks a judgment in excess of $75,000, thus satisfying the amount in controversy requirement. ECF No. 1-1 at 25. Regarding citizenship, Plaintiffs are citizens of Maryland. ECF No. 1-1 at 9. According to the Complaint, Target, the only Defendant in this action, "is a Minneapolis Corporation registered to do business and doing business in Prince George's County, Maryland." ECF No. 1-1 at 10. Records attached to Defendant's Opposition establish that Target is incorporated in Minnesota and has its principal place of business in Minnesota.[1] ECF No. 10-1 at 2 (Target Corporation SEC Report identifying state of incorporation as Minnesota); ECF No. 10-2 at 2 (on-line record of Target's Maryland Registration identifying principal office in Minneapolis, Minnesota, and state of formation as Minnesota). Thus, Defendant Target is a citizen of Minnesota.

---

[1] "The Court may consider facts outside the pleadings and is not limited to the allegations in a plaintiff's complaint when evaluating a motion to remand." *Middel v. Middel*, 471 F. Supp. 3d 688, 692 (D. Md. 2020) (citing *United States v. Smith*, 395 F.3d 516, 519 (4th Cir. 2005)).

Plaintiff contends that, because Target does business in Maryland, this Court has personal jurisdiction over Target. ECF No. 9-1 at 3. And, indeed, this Court does have personal jurisdiction over Target, but that it is not the relevant inquiry here. The correct inquiry is whether Target is either incorporated in Maryland or has its principal place of business here. There is no indication that Target is incorporated in Maryland or has its principal place of business here. Thus, Target is not a citizen of Maryland and there is complete diversity between the parties in this action. Removal of the pending litigation to this Court was therefore proper.

### III.   CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand is denied.

Date: <u>November 19, 2021</u>                    ___/s/_____
                                                                   GEORGE J. HAZEL
                                                                   United States District Judge